UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMMEL REED,

                Plaintiff,

                                             Case No. 16-14255

v.                                        HONORABLE AVERN COHN

RENE GONZALEZ, et al.,

                Defendants.

_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a <u>pro se</u> civil rights case under 42 U.S.C. § 1983.  As best as can be gleaned from the complaint, Michigan prisoner Rommel Reed challenges his state criminal proceedings and asserts that he is being denied state records relevant to those proceedings.[1]  He names Michigan State Troopers Rene Gonzalez and Robert Prause, Jackson County Detective Sergio Garcia, and Jackson County Assistant Prosecutor Daniel Schwalm as defendants in their personal capacities.  He seeks injunctive relief and monetary damages.  The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action.  <u>See</u> 28 U.S.C. § 1915(a)(1).  For the reasons that follow, the complaint will be dismissed for failure to state a viable claim

---

[1]Plaintiff was convicted of two drug offenses in the Jackson County Circuit Court in 2007 and was sentenced to concurrent terms of 25 to 40 years imprisonment.  He was also convicted of assault and weapons offenses in the Calhoun County Circuit Court in 1998 and is serving consecutive terms of 3 to 10 years imprisonment and 2 years imprisonment on those convictions.  <u>See</u> Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=276650.

under § 1983.

## II.  Legal Standard

The Court must dismiss a complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A pro se civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

## III.  Discussion

### A.  Criminal Proceedings Claim

Plaintiff appears, in part, to challenge his state criminal proceedings.  To the extent that he does, his claim must be dismissed because it is not a proper claim under § 1983.  Although a claim under § 1983 can be brought by a state prisoner challenging

2

a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), it cannot be brought to challenge the validity of his confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Here, if plaintiff were to prevail on his claim that this state criminal proceedings were invalid, his drug convictions and related confinement would be called into question. Thus, his claim is barred by Heck and must be dismissed.

### B.  Access to Records

Plaintiff also appears to assert that he is being denied records from his state criminal proceedings in violation of his due process rights. To the extent that plaintiff claims a violation of the Michigan Freedom of Information Act, Michigan Court Rule 6.433, or any other provision of state law, he fails to state a claim upon which relief may be granted. It is well-settled that such state law violations are not a proper basis for relief under § 1983. Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir.1995). Moreover, there is no general due process right of access to state court records on collateral review in criminal proceedings. See, e.g., United States v. MacCollum, 426 U.S. 317, 323-24 (1976) (no constitutional right to transcripts on collateral review of a conviction).

Even liberally construing plaintiff's claim as a denial of access to the courts, he is still not entitled to relief. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). However, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).

3

To state a §1983 claim for the denial of access to the courts, plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct.  Lewis, 518 U.S. at 351; Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005) (citing Jackson v. Gill, 92 F. App'x 171, 173 (6th Cir. 2004)).  Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline.  Harbin-Bey, 420 F.3d at 578.  Additionally, plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim.  Sims v. Landrum, 170 F. App'x 954, 957 (6th Cir. 2006); Wojnicz v. Davis, 80 F. App'x 382, 384 (6th Cir. 2003).  An allegation of negligence is insufficient to state a denial of access to the courts claim under § 1983.  Collins v. City of Harker Hgts., 503 U.S. 115, 127-30 (1992).

Here, plaintiff fails to set forth any facts showing that the defendants' alleged failure to provide records related to his state criminal proceedings is intentional in the constitutional sense.  Plaintiff also does not allege any facts to show that the defendants' conduct has interfered with his ability to seek review in state or federal court.[2]  Although plaintiff may believe that the lack of certain documents is preventing him from seeking some type of collateral review, he fails to adequately plead or show that he cannot file a collateral challenge without the documents.  As such, he has not stated a viable claim for relief under § 1983.

---

[2]Plaintiff has been denied relief on direct appeal and collateral review of his drug convictions in the state courts and has been denied relief on habeas review in federal court.  See Reed v. Woods, No. 12-11163, 2013 WL 4777195 (E.D. Mich. Sept. 5, 2013) (discussing procedural history and denying federal habeas relief).

4

## C. Absolute Immunity for State Prosecutor

Finally, plaintiff cannot make out a claim against the state prosecutor because the prosecutor is entitled to absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

## IV. Conclusion

For the reasons stated above, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also finds that an appeal from this decision cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2017
        Detroit, Michigan