UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMMEL REED,

        Plaintiff,

                                    CASE NO. 16-CV-14255
v.                                 HONORABLE AVERN COHN

RENE GONZALEZ, et al.,

        Defendants.
                                        /

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 12)

I.

Michigan prisoner Rommel Reed ("plaintiff") filed a pro se civil rights case under 42 U.S.C. § 1983 challenging his 2006-2007 state criminal proceedings and asserting that he is being denied state records relevant to those proceedings. He named two Michigan State Police troopers, a Jackson County detective, and a Jackson County prosecutor as defendants and sued them in their personal capacities seeking monetary damages and injunctive relief. The Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1983 and because the prosecutor is entitled to absolute immunity. (Doc. 10). The Court did not retain jurisdiction.

Before the Court is plaintiff's motion to amend the complaint seeking to remove the prosecutor as a defendant, to add two Wayne County parole agents as defendants, and to raise new claims against them. (Doc. 12) For the reasons that follow, the motion is DENIED.

II.

Regarding the request to amend, plaintiff has not moved to re-open this case – and the case has already been closed. While a court generally has discretion to allow amendment of a civil complaint, see Fed. R. Civ. P. 15(a), that is not the case where, as here, the Court has already dismissed the complaint. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. In re Ferro Corp. Derivative Litigation, 511 F.3d 611, 624 (6th Cir. 2008). Moreover, amendment would be futile. While removing the prosecutor as a defendant cures one defect in the initial complaint, adding more defendants does not.

Regarding the request to add defendants and new claims, plaintiff is not entitled to relief. A plaintiff may not raise new factual allegations in a request for reconsideration. Sault Ste. Marie Tribe of Chippewa Indian v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Moreover, adding more defendants does not cure the defects in the original complaint. If plaintiff wishes to raise new claims against new defendants, the proper course is to file a new complaint.

No further pleadings should be filed in this action. Additional pleadings may be stricken.

**SO ORDERED**.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2017
      Detroit, Michigan

2